# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **CONROY CONDECORE** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **TODD BLANCHE**, U.S. Attorney ) <br> General, in his official capacity ) <br> ) <br> **KELEI B. WALKER**, Orlando Field ) <br> Office Director, **U.S IMMIGRATION** ) <br> **AND CUSTOMS ENFORCEMENT** ) <br> ) <br> **MARKWAYNE MULLIN**, Secretary, ) <br> **DEPARTMENT OF HOMELAND** ) <br> **SECURITY**, ) <br> ) <br> **TODD LYONS,** Acting Director, **U.S** ) <br> **IMMIGRATION AND CUSTOMS** ) <br> **ENFORCEMENT** ) <br> ) <br> ) <br> In their official capacities, Defendants. ) | Civil No. Agency No.: <br><br> A209-102-082 <br><br> **COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF** |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Conroy Condecore, by and through undersigned counsel, brings this civil action against Defendants in their official capacities and alleges as follows:

### NATURE OF THE ACTION

1. This is not a habeas corpus action. Plaintiff does not seek release from custody, and he does not challenge the lawfulness of his detention. On July 13, 2026, the United States District Court for the Middle District of Florida,

Fort Myers Division, held in *Condecore v. Blanche*, No. 2:26-cv-01704-SPC-NPM (M.D. Fla.), that Plaintiff's detention is lawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal to the Kingdom of Eswatini is significantly likely to occur in the reasonably foreseeable future. That same order held, however, that Plaintiff's due process concerns regarding third-country removal to Eswatini are "outside the scope of a habeas case," citing *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 119 (2020), and expressly stated that Plaintiff "is free to challenge third-country removal in an appropriate (non-habeas) action." This is that action.

2.    Plaintiff seeks a declaration that Defendants may not execute his removal to Eswatini without first affording him the notice and fear-based screening process required by the regulations implementing the Convention Against Torture and by the Due Process Clause of the Fifth Amendment, and preliminary and permanent injunctive relief barring Defendants from executing that removal until such process is provided.

3.    Plaintiff was scheduled for a reasonable fear interview on July 6, 2026. ICE cancelled that interview while shackling Plaintiff for transport to the airport for a same-day removal flight. No reasonable fear interview specific to Eswatini has occurred since, and U.S. Citizenship and Immigration Services' Refugee, Asylum and International Operations Directorate ("RAIO") has

confirmed it has no record of any pending referral. Absent this Court's intervention, Defendants may again attempt to execute Plaintiff's removal to Eswatini without the process the Constitution and applicable regulations require.

## REQUEST FOR EXPEDITED CONSIDERATION.

4. This action is entitled to expedited consideration under 28 U.S.C. § 1657(a), which requires that courts "expedite the consideration of any action... for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown." Because this Complaint is filed together with Plaintiff's Emergency Motion for a Temporary Restraining Order, it independently qualifies as "any action... for temporary or preliminary injunctive relief" within the meaning of the statute, and expedited consideration is accordingly mandatory rather than discretionary.

5. Independently, good cause exists: Section 1657(a) defines "good cause" as a showing that a right under the Constitution or a federal statute would be lost absent expedited consideration. Plaintiff's right to notice and a fear-based screening before removal to a country other than the one designated in his removal order will be irretrievably lost the moment Defendants execute his removal to Eswatini. Once that occurs, no subsequent ruling by this Court can restore the process to which Plaintiff is entitled. Plaintiff accordingly requests

that the Court expedite consideration of this action pursuant to 28 U.S.C. § 1657(a).

## JURISDICTION AND VENUE

6.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States, including the Fifth Amendment, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") § 2242, Pub. L. No. 105-277, div. G, 112 Stat. 2681-822 (1998) (codified as a note to 8 U.S.C. § 1231).

7.  This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202, and injunctive relief under 5 U.S.C. § 702 and Federal Rule of Civil Procedure 65.

8.  Sovereign immunity does not bar this action. Section 702 of the APA waives sovereign immunity for claims seeking non-monetary relief against the United States, its agencies, and its officers acting in their official capacities.

9.  This action does not seek review of a final order of removal within the meaning of 8 U.S.C. § 1252(a)(5) and does not "arise from" such an order within the meaning of 8 U.S.C. § 1252(b)(9). Plaintiff does not challenge his removability, does not seek to remain in the United States, and does not seek release from custody. He challenges only the process, or absence of process,

attending Defendants' proposed method of execution of his removal order, specifically, removal to a third country without the fear-based screening the regulations require. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102 (D. Mass. 2026) (exercising jurisdiction over materially identical claims challenging DHS's third-country removal policy and procedures).

10. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Defendants are officers of the United States sued in their official capacities, and Plaintiff resides within this District for venue purposes. Venue is proper in the Orlando Division because Plaintiff is presently resides within the geographic area served by that Division.

## PARTIES

11. Plaintiff Conroy Condecore is a native and citizen of Jamaica, File No. A209 102 082.

12. Defendant Todd Blanche is sued in his official capacity as Acting Attorney General of the United States. He is responsible for the administration of the immigration laws to the extent delegated to the Department of Justice and the Executive Office for Immigration Review.

13. Defendant Markwayne Mullin is sued in his official capacity as Secretary of the U.S. Department of Homeland Security. He has ultimate responsibility for

the administration and enforcement of the immigration laws, including the third-country removal policy at issue in this action.

14. Defendant Todd Lyons is sued in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement. He is responsible for the enforcement actions, including the execution of removal orders, at issue in this action.

15. Defendant KELEI WALKER is sued in her official capacity as Field Office Director for ICE Enforcement and Removal Operations, Orlando Field Office. She has direct custody and control over Plaintiff and direct responsibility for executing Plaintiff's removal.

## FACTUAL ALLEGATIONS

### A. Plaintiff's 2020 Immigration Proceedings and Grant of Withholding of Removal

16. Plaintiff lawfully entered the United States on or about October 4, 2015, as a B-2 visitor, but overstayed his visa.

17. ICE commenced removal proceedings against Plaintiff in 2020. On September 15, 2020, an immigration judge ordered Plaintiff removed but granted him withholding of removal. ICE released Plaintiff from custody under an order of supervision two days later.

18. A grant of withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), prohibits the government from removing Plaintiff to the specific

country as to which withholding was granted, but does not, standing alone, preclude removal to a third country. Removal to a third country is governed by separate statutory authority, 8 U.S.C. § 1231(b)(1)(C)(iv), and by separate regulatory procedures, including the fear-based screening required before removal to a country other than the one designated in the removal order. See 8 C.F.R. §§ 208.31, 241.8(e).

## B. ICE's Renewed Detention and This Court's Prior Habeas Rulings

19. ICE arrested Plaintiff in November 2025 with the stated intent to remove him to South Sudan. Plaintiff sought habeas relief, and on May 29, 2026, the Fort Myers Division of this Court found no significant likelihood of removal in the reasonably foreseeable future and ordered Plaintiff's release under *Zadvydas*.

20. ICE re-detained Plaintiff on July 2, 2026. Plaintiff moved to enforce the May 29, 2026 judgment. In response, the government expressed an intention to remove Plaintiff to Eswatini but offered no evidence that removal was likely in the reasonably foreseeable future. On July 6, 2026, the Court granted Plaintiff's motion and ordered his release.

21. The government moved for reconsideration and submitted evidence, including a declaration confirming that the Government of Eswatini had accepted Plaintiff for third-country removal pursuant to a Memorandum of Understanding between Eswatini and the United States dated May 14, 2025.

On July 13, 2026, the Court granted reconsideration, held that this new evidence established a significant likelihood of removal in the reasonably foreseeable future, set aside its July 6, 2026 order, and held that Plaintiff's detention is lawful under *Zadvydas* for the purpose of executing his removal order.

22. The Court's July 13, 2026 order recognized that Plaintiff "raises compelling due process concerns regarding third-country removal," including that he "expressed fear that he would be persecuted in Eswatini due to his sexual orientation," but that "the government has not made the requisite credible-fear determination." The Court held that those concerns are "outside the scope of a habeas case" and expressly stated that Plaintiff "is free to challenge third-country removal in an appropriate (non-habeas) action."

## C. The Eswatini Third-Country Removal Arrangement

23. On May 14, 2025, the U.S. Department of State and the Government of Eswatini executed a Memorandum of Understanding concerning the removal of third-country nationals from the United States to Eswatini.

24. On October 4, 2025, Deputy Secretary of State Christopher Landau wrote to then-Acting ICE Director confirming that the Department of State considered Eswatini's diplomatic assurances — that it would act in accordance with its national laws and international obligations, including the 1951 Refugee

Convention, the 1967 Protocol, and the 1984 Convention Against Torture, and would prevent refoulement and provide access to asylum and protection systems — to be credible and reliable.

25. On July 8, 2026, ICE placed Plaintiff's name for consideration in a manifest for transfer to Eswatini pursuant to that Memorandum of Understanding, and attempted to execute that removal on or about July 7–8, 2026, before this litigation intervened.

### D. Cancellation of Plaintiff's Reasonable Fear Interview

26. A reasonable fear interview was scheduled in Plaintiff's case for Monday, July 6, 2026. ICE cancelled that interview while Plaintiff was being shackled for transport to the airport for a flight scheduled that same day.

27. Undersigned counsel has since made inquiries with USCIS RAIO regarding rescheduling of that interview. RAIO responded in writing that it had "no update to provide regarding an RF case or referral" and directed counsel to contact ICE for further case updates. As of the filing of this Complaint, no reasonable fear interview specific to Eswatini has been rescheduled, and Plaintiff presently has no pending fear-based screening of any kind.

28. On July 13, 2026, undersigned counsel notified AUSA Amanda Saylor, counsel for the government in the related habeas matter, of Plaintiff's intent to file this action, and requested (1) that ICE refrain from executing Plaintiff's

removal to Eswatini for a period of 48 to 72 hours to allow this action to be filed and heard, and (2) that ICE and/or USCIS RAIO immediately reschedule Plaintiff's reasonable fear interview.

**E. Country Conditions in Eswatini Do Not Support Effective Protection for Third-Country Transferees**

29. Attached as Exhibit A is the Affidavit of Melanie Nathan, a country conditions expert on refugee protection systems in Africa and the treatment of LGBTQI+ individuals, with nearly four decades of experience in the field. Ms. Nathan opines, to a reasonable degree of expert certainty, that the presently available evidence does not demonstrate that Eswatini possesses the legal, institutional, or practical capacity to provide effective protection to an involuntarily transferred third-country national, including a demonstrated pathway to lawful status, meaningful access to refugee determination procedures, or protection against prolonged, open-ended detention at Matsapha Correctional Complex.

30. The Nathan Affidavit further addresses the particular risks Plaintiff, a gay man, would face in Eswatini given the continued criminalization of consensual same-sex conduct between men, documented societal stigma toward LGBTQI+ persons, and the absence of anti-discrimination protections — risks that compound the general deficiencies in Eswatini's capacity to receive and protect involuntarily transferred third-country nationals.

31.    Attached as Exhibit B is the Affidavit of Alma David, an attorney who presently represents eleven third-country nationals removed from the United States to Eswatini under the same Memorandum of Understanding at issue here. Based on her direct, firsthand representation of those clients, Ms. David avers that the only alternative presently available to her clients to Eswatini's Alternatives to Voluntary Return process is to remain unlawfully and indefinitely imprisoned in Eswatini, and that Eswatini's Refugee Commissioner has informed her directly that even a grant of refugee status to her clients will not result in their release from Matsapha Maximum Security Prison.

32.    The David Affidavit demonstrates that the diplomatic assurances described in the Landau memorandum — including the represented commitment to "access to asylum and protection systems" — are not being honored in practice. A refugee protection system in which recognition of refugee status carries no corresponding right to release from a maximum-security prison is not meaningful access to asylum or protection.

## CLAIMS FOR RELIEF

### COUNT I — Violation of the Fifth Amendment Due Process Clause

33.    Plaintiff incorporates by reference the allegations above in paragraphs 14-30.

34. The Fifth Amendment's Due Process Clause applies to all persons within the United States, including noncitizens in removal and post-order proceedings.

35. Due process requires that a noncitizen facing removal to a country other than the one designated in his removal order receive notice of the proposed third-country removal and a meaningful opportunity to raise a fear of persecution or torture as to that specific country before removal is executed. *See Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process.").

36. Defendants cancelled Plaintiff's scheduled reasonable fear interview and have not rescheduled it, notwithstanding Plaintiff's expressed fear of persecution in Eswatini based on his sexual orientation and notwithstanding this Court's own finding that Plaintiff "raises compelling due process concerns regarding third-country removal."

37. Defendants' attempt to execute Plaintiff's removal to Eswatini without providing the fear-based screening to which he is entitled violates the Due Process Clause of the Fifth Amendment.

38. According to the Affidavit of Alma David Esq. attached as Exhibit B, who represents 11 detained individuals in Eswatini, none were afforded a reasonable fear screening prior to transfer.

## COUNT II — Violation of FARRA § 2242 and Implementing Regulations

39. Plaintiff incorporates by reference the allegations above in paragraphs 14-30.

40. FARRA § 2242 provides that it is the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture, consistent with U.S. obligations under Article 3 of the Convention Against Torture.

41. The regulations implementing FARRA § 2242 require that a noncitizen be provided notice and an opportunity to seek protection under the Convention Against Torture before removal to a country other than the one designated in the removal order, including through the reasonable fear screening process. *See* 8 C.F.R. §§ 208.31, 241.8(e).

42. Defendants cancelled Plaintiff's scheduled reasonable fear interview and propose to remove him to Eswatini without providing any Convention Against Torture screening specific to that country, in violation of FARRA § 2242 and its implementing regulations.

## COUNT III — Administrative Procedure Act, 5 U.S.C. § 706(1) (Agency Action Unlawfully Withheld)

43. Plaintiff incorporates by reference the allegations above in paragraphs 14-30.

44. Defendants have unlawfully withheld and unreasonably delayed a discrete agency action that Defendants are required to take: providing Plaintiff a reasonable fear interview before removing him to Eswatini. Defendants cancelled Plaintiff's scheduled interview on July 6, 2026, and have taken no action to reschedule it despite repeated requests by counsel.

45. This unlawful withholding of agency action is subject to judicial review and correction under 5 U.S.C. § 706(1).

## COUNT IV — Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (Arbitrary, Capricious, and Not in Accordance with Law)

24. Plaintiff incorporates by reference the allegations above in paragraphs 14-30.

25. To the extent Defendants' proposed removal of Plaintiff to Eswatini rests on DHS's current third-country removal policy and procedures, that policy has been held unlawful and set aside by a federal district court. *See D.V.D. v. U.S. Dep't of Homeland Sec.,* 821 F. Supp. 3d 102 (D. Mass. 2026) (setting aside DHS's third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).

26. Defendants' reliance on generalized diplomatic assurances in lieu of individualized notice and screening, and Defendants' attempt to execute

Plaintiff's removal without providing the process this Court has already found compelling reason to question, is arbitrary, capricious, an abuse of discretion, and not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a temporary restraining order and, thereafter, a preliminary and permanent injunction enjoining Defendants, their officers, agents, employees, and all persons acting in concert with them, from removing or attempting to remove Plaintiff to Eswatini, or placing Plaintiff on any manifest or transport for that purpose, until Plaintiff has been afforded a reasonable fear interview specific to Eswatini and the process otherwise required by the Due Process Clause and FARRA § 2242 and its implementing regulations;

B. Declare that Defendants' cancellation of Plaintiff's reasonable fear interview and their attempt to execute his removal to Eswatini without rescheduling that interview violates the Fifth Amendment, FARRA § 2242, and the Administrative Procedure Act;

C. Order Defendants to immediately reschedule and conduct Plaintiff's reasonable fear interview specific to Eswatini;

D. Award Plaintiff his reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority;

E.  Expedite consideration of this action pursuant to 28 U.S.C. § 1657(a); and

F.  Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Sasha Watson, counsel for Plaintiff, verify that the factual statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief, based on my review of the record in *Condecore v. Blanche*, No. 2:26-cv-01704-SPC-NPM (M.D. Fla.), communications with Plaintiff, and the attached exhibits.

Respectfully submitted,

Dated: July 11, 2026

S/ Sasha Watson

SASHA WATSON (State Bar No. 42845)
HAWM, PLLC
641 N. Rio Grande Avenue
ORLANDO, FLORIDA 32805
Telephone: (407) 802-3223
Fax Number: (407) 377-1971
Primary E-Mail: swatson@hawmlaw.com
Secondary E-Mail: rdhaiti@hawmlaw.com
Attorney for Plaintiff