UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CONROY CONDECORE,**

**Plaintiff,**

v.                                                          Case No. **6:26-cv-1510-CEM-LHP**

**TODD BLANCHE, KELEI B.
WALKER, MARKWAYNE
MULLIN, and TODD LYONS,**

**Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for a Temporary Restraining Order ("Motion," Doc. 2). For the reasons set forth below, the Motion will be granted in part and deferred in part.

**I.   BACKGROUND**

Plaintiff is not a United States citizen. (Verified Compl., Doc. 1, at 5).[1] In 2020, an immigration judge ordered Plaintiff removed but granted him a withholding of removal. (*Id.* at 6). This withholding only applies to the specific country addressed, it does not preclude removal to a so called "third country." (*Id.* at 6–7).

_____

[1] The allegations of the Verified Complaint are taken as true for purposes of this Order. *See Stallworth v. Tyson*, 578 F. App'x 948, 950 (11th Cir. 2014) (indicating that verified complaints that meet the requirements of Federal Rule of Civil Procedure 56 should be given the same weight as an affidavit).

Generally, a noncitizen is removed in order of preference to (1) "the country of his choice"; (2) "the country of which he is a citizen"; or (3) "one of the countries with which he has a lesser connection." *Jama v. Immigration & Customs Enf't*, 543 U.S. 335, 341 (2005). Only where all of those options are "impracticable, inadvisable, or impossible," can a noncitizen be removed to "another country whose government will accept the alien into that country," *id.* (quoting 8 U.S.C. § 1231(b)(2)(E)(vii)), which is referred to as a "third country" and such removals as "third country removals," *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting).

The Government has now provided notice to Plaintiff that it intends to remove him to a third country, the Kingdom of Eswatini ("Eswatini"), and that Eswatini has accepted Plaintiff for third-country removal. (Doc. 1 at 7). As such, during Plaintiff's separate habeas proceeding, it was determined that "removal is likely in the reasonably foreseeable future." *Condecore v. Blanche*, 2:26-cv-01704-SPC-NPM, (July 13, 2026 order, Doc. 28, at 2). That Order also noted that Plaintiff had raised "compelling due process concerns regarding third-country removal" but that "due process concerns are outside the scope of a habeas case." *Id.* at 2–3. Accordingly, Plaintiff has now filed this case to address those concerns.

Specifically, Plaintiff is a gay man who has "expressed fear of persecution in Eswatini based on his sexual orientation." (Doc. 2 at 2; Doc. 1 at 10). Plaintiff has

also provided evidence supporting such fears as legitimate. (*See generally* Nathan Aff., Doc. 2-2).

Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85, as implemented by Section 2242 of Section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, div. G, 112 Stat. 2681-822 (1998) (codified as a note to 8 U.S.C. § 1231), "makes available country-specific relief from removal." *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102, 146 (D. Mass. 2026). To be eligible for withholding of removal under CAT and FARRA, the applicant for withholding must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

Plaintiff has requested a "reasonable fear" interview to establish that he is eligible for withholding of removal to Eswatini under CAT and FARRA. (*See* Doc. 1 at 9). That interview was scheduled for July 6, 2026, but it was cancelled that day, and Plaintiff was being prepared for transport to Eswatini without an interview or hearing until the now-vacated order in Plaintiff's habeas case required Plaintiff's release. *See generally Condecore v. Blanche*, 2:26-cv-01704-SPC-NPM, (July 6, 2026 order, Doc. 22). Defendants have declined to reschedule any such interview. (Doc. 1 at 9).

Plaintiff brings several claims for relief, including for violation of his Fifth Amendment Due Process rights. Plaintiff now moves for the issuance of an ex parte[2] temporary restraining order ("TRO"), temporarily enjoining Defendants from removing Plaintiff and requiring Defendants to conduct a reasonable fear interview.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). Additionally, to obtain such, ex parte relief, the movant must establish the same elements as are required for a preliminary injunction. M.D. Fla. R. 6.01(b)(1)–(4).

To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits;" (2) "irreparable injury will be suffered unless the injunction issues;" (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;" and (4) "the injunction would not be adverse to the public interest."

---

[2] Plaintiff's counsel has notified counsel for Defendants in the related habeas case of this case and Motion but seeks ex parte relief given the exigency of the situation.

*Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Fla.*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cnty.*, 633 F.3d at 1039). "To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings. Moreover, vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden." *Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001), *aff'd*, 287 F.3d 1325, 1327 (11th Cir. 2002).

Failure to satisfy even one element for a preliminary injunction is fatal to issuance of the injunction. *Llovera*, 576 F. App'x at 896; *Henry v. Nat'l Hous. P'ship*, No. 1:06-cv-008-SPM, 2006 WL 8443138, at *1 (N.D. Fla. Sept. 19, 2006) ("Where a plaintiff has not carried his burden as to any one of the elements required for a preliminary injunction, it is unnecessary to address the remaining elements." (citing *Jefferson Cnty.*, 720 F.2d at 1519)).

### III. ANALYSIS

#### A. Likelihood of Success

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). "To

succeed on a procedural due process claim, [Plaintiff] must prove: '(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" *Ashraf v. United States DEA*, 153 F.4th 1161, 1168 (11th Cir. 2025) (quotation omitted). Clearly, Plaintiff's liberty interests are implicated here, and removal proceedings constitute state action.

"In determining whether there has been constitutionally inadequate process, [courts] apply the balancing test from *Mathews* and 'look to the nature of the private interest affected, the risk of erroneous deprivation, the value of additional safeguards, and the government's interest, including any burdens.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 348–49 (1976)). As to the nature of the private interest, one court put it succinctly, stating that for individuals like Plaintiff, "the availability of CAT relief can be a matter of life and death, and 'of all that makes life worth living.'" *D.V.D. v. U.S. Dep't of Homeland Sec.*, 821 F. Supp. 3d 102, 154 (D. Mass. 2026) (quoting *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922)).

Additionally, at this point, there is nothing on the record to indicate any safeguards against the risk of erroneous deprivation; to the contrary, Plaintiff's reasonable fear interview was cancelled despite Plaintiff presenting evidence that there is "a reasonably foreseeable risk that [Plaintiff] would be exposed to discrimination, social exclusion, arbitrary detention, abuse, violence, exploitation, or other serious harm without effective recourse to state protection." (Doc. 2-2 at

19); *see also A.A.M v. Andrews*, 815 F. Supp. 3d 1124, 1138 (E.D. Cal. 2025) (finding that this factor weighed in the plaintiff's favor where he presented similar expert evidence but the defendants declined to review it); *Mendoza Palacios v. Mullin*, No. 26-cv-648-ABA, 2026 WL 933319, at *6 (D. Md. Apr. 7, 2026) ("In applying *Mathews*, 'the Supreme Court has indicated that the risk of an erroneous deprivation is too high where an individual is not provided "notice of the factual basis" for a material government finding and "a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker."'" (quoting *Kirk v. Comm'r of SSA*, 987 F.3d 314, 325 (4th Cir. 2021)).

And finally, while "the Government has a 'weighty' interest in the 'efficient administration of the immigration laws,' particularly since 'control over matters of immigration is a sovereign prerogative,'" that interest "is tempered by the stark realities of torture, in which it has no legitimate interest." *D.V.D.*, 821 F. Supp. 3d at 163. Plaintiff has established a likelihood of success on the merits of his Due Process claim.

## B.     Irreparable Injury

Plaintiff indicates that prior to the habeas court's intervention, Defendants attempted to remove him without conducting a reasonable fear interview or providing any type of due process to address Plaintiff's concerns under CAT. "The threatened harm is clear: persecution, torture, or death. These consequences are

irreparable and are sufficiently dire to warrant preliminary injunctive relief." *Mendoza Palacios*, 2026 WL 933319, at *8.

## C.      Balance of Harms

"Despite any interest the government may have in promptly executing removal orders, 'our system does not permit agencies to act unlawfully even in pursuit of desirable ends.'" *A.A.M*, 815 F. Supp. 3d at 1139 (quoting *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021)). Moreover, any harm to the Government in a short delay of removal proceedings is minimal when compared to the potential harms facing Plaintiff.

## D.      Public Interest

"In cases implicating removal, 'there is a public interest in preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm.'" *A.A.M*, 815 F. Supp. 3d at 1139; *see also Mendoza Palacios*, 2026 WL 933319, at *8 (D. Md. Apr. 7, 2026) ("The government's interest in removal is outweighed by the public interest in upholding constitutional protections and providing due process to noncitizens subjected to governmental actions restricting their liberty interest in not being removed to a country where they may be persecuted or tortured.").

### E.    Bond

Generally, courts "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[B]ut it is well-established that 'the amount of security required by the rule is a matter within the discretion of the trial court . . . [, and] the court may elect to require no security at all.'" *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (quotation omitted). "Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right." *Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009). Accordingly, no bond will be required.

### F.    Relief Requested

Plaintiff requests that this Court restrain Defendants from removing him to Eswatini and schedule Plaintiff's reasonable fear interview within three days. However, the Court finds that restraining Defendants from removing Plaintiff at this point mitigates the imminent irreparable harm, and any remaining relief can be addressed at the preliminary injunction hearing.

## IV.    CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. 2) is **GRANTED in part** and **DEFERRED in part**.

2. Defendants and each of their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order, are **RESTRAINED AND ENJOINED** from removing or attempting to remove Plaintiff Conroy Condecore to the Kingdom of Eswatini; from placing Plaintiff on any manifest, flight, or other conveyance destined for Eswatini; and from taking any other action to execute Plaintiff's removal to Eswatini, until further order of this Court.

3. This matter is set for a preliminary injunction evidentiary hearing on **Monday, July 20, 2026, at 3:00 P.M.** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida.

4. On or before July 15, 2026, Plaintiff shall serve Defendants in accordance with Local Rule 6.01.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

U.S. Attorney's Office
USAFLM.Orlando2241@usdoj.gov
OPLAORLFEDLIT@ice.dhs.gov